[No. A045580. First Dist., Div. One. Mar. 21, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
BARRY DeVORE, Defendant and Appellant.

**COUNSEL**

Howard J. Specter, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney

General, Morris Beatus and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STEIN, J.—Barry DeVore appeals from an order denying his application for one-for-one credits for time served in county jail prior to conviction. For the following reasons, we reject his contentions.

On June 14, 1988, appellant pleaded guilty to six counts of possession and transportation of various controlled substances and admitted two prior convictions. On July 12, 1988, he was sentenced to a total of 4 years in prison, and given credit for 115 actual days confined in county jail and 58 days of local conduct credits. It does not appear that an appeal was taken from the judgment.

On March 14, 1989, appellant filed a document entitled "Ex-parte Application for Full-time Credit of Back-time Credits Per Penal Code Section[s] 2933, 2934, 4019 et seq."[1] In this document, appellant argued that it was a violation of equal protection principles to refuse to credit him with the one-for-one work time credit available to state prisoners for the preconviction time served in county jail.

On March 21, 1989, the superior court filed an order stating that credits under Penal Code sections 2933 and 2934 are computed by the Director of Corrections, and that appellant had received all custody credits under section 4019 to which he was entitled.

On April 27, 1989, appellant filed a notice of appeal from the March 21 order, presumably on the theory that the order is an appealable order after judgment which affects his substantial rights. (§ 1237, subd. (b).)

■ We note, initially, that the original judgment was appealable, and the issue could have been raised on appeal at that time. (*People* v. *Gainer* (1982) 133 Cal.App.3d 636 [184 Cal.Rptr. 120] [order after judgment appealable unless defendant had no right to request relief sought from trial court].) Appellant did not challenge the computation of credits until he filed his ex parte motion, eight months after judgment was imposed. The court

[1] All statutory references are to the Penal Code.

had no jurisdiction to reopen the matter after the judgment became final. (§ 1170, subd. (d).) ■ The superior court could have treated the original motion as a petition for writ of habeas corpus, challenging an unconstitutional sentence. (*In re Estrada* (1965) 63 Cal.2d 740, 750 [48 Cal.Rptr. 172, 408 P.2d 948].) This court may also consider it as an original petition for writ of habeas corpus. Because the matter has been briefed, and is ready for decision without the need to consider any new facts, and no purpose would be served by delaying consideration, we will consider the merits of appellant's claim as though presented in a petition for writ of habeas corpus.

■ The thrust of appellant's argument is that he, and other pretrial detainees, are denied equal protection of the law because defendants who post bail and do not begin serving their sentences until after conviction and sentencing are eligible for the prison one-for-one work time credit of section 2933.[2] Those like appellant, who cannot post bail, are eligible for the less generous one-third reduction of section 4019. Appellant candidly notes that this argument has been rejected by every appellate court that has considered it. (See *People v. Poole* (1985) 168 Cal.App.3d 516, 524-526 [214 Cal.Rptr. 502]; *People v. Ross* (1985) 165 Cal.App.3d 368, 377 [211 Cal.Rptr. 595]; *People v. Valladares* (1984) 162 Cal.App.3d 312, 320-321 [208 Cal.Rptr. 604]; *People v. Caruso* (1984) 161 Cal.App.3d 13 [207 Cal.Rptr. 221]; *People v. Caddick* (1984) 160 Cal.App.3d 46 [206 Cal.Rptr. 454]; *In re Cleaver* (1984) 158 Cal.App.3d 770 [204 Cal.Rptr. 835]; *People v. Rosaia* (1984) 157 Cal.App.3d 832, 841-848 [203 Cal.Rptr. 856]; *People v. Davis* (1984) 154 Cal.App.3d 253 [201 Cal.Rptr. 422].) Based on *People v. Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874], appellant argues that the existing decisions are wrong.

The court in *Sage* held that equal protection principles require conduct credits to be made available to felony presentence detainees as well as misdemeanor detainees.[3] The *Sage* court observed that section 2931 provided for a one-third conduct credit for state prisoners, which resulted in a disparity between the ". . . detainee/felon and the felon who serves no presentence time . . . ." (*People v. Sage, supra*, 26 Cal.3d 498, 507.) The

---

[2] Section 2933, subdivision (a), provides in relevant part: "[P]ersons convicted of a crime and sentenced to state prison . . . [may obtain] a reduction in the time served in the custody of the Director of Corrections for performance in work, training or education programs established by the Director of Corrections." The amount of credit available is six months for every six months of full performance in a qualifying program. Those who are not assigned to a qualified work program, or those not assigned full-time, receive no less credit than is provided under section 2931. (§ 2933, subd. (a).)

[3] At the time *Sage* was decided, section 4019 did not apply to felony detainees. It was subsequently amended to conform with the holding in *Sage*.

state's proffered justifications for the differential treatment were summarily rejected because they applied equally to detainee/misdemeanants, who did receive conduct credits. (*Id.*, at pp. 507-508.) A similar situation does not exist regarding appellant's situation.

The first distinction between *Sage* and the instant case is that appellant demands credits for work performance under section 2933, rather than 2931. Section 2933 credits "must be earned" and are available only to prison inmates who are assigned to a full-time credit qualifying program. (§ 2933, subds. (a), (b).) A prisoner who does not participate in a qualified work program is treated in exactly the same manner as a detainee/felon. (§ 2933, subd. (a) [nonparticipating prisoners entitled to one-third reduction per § 2931]; *People v. Valladares, supra*, 162 Cal.App.3d 312, 321.) Thus, not all presentence felons who make bail are automatically better off than appellant. Unlike *Sage*, the challenged classification herein is not neatly divided between those who can afford bail and those who cannot.[4] It seems clear that the discrimination complained of does not divide those who make bail from those who cannot, but those who participate in prison rehabilitation programs from those who do not. (*People v. Caddick, supra*, 160 Cal.App.3d 46, 54 [Blease, J., conc.].)

The legislative intent in enacting section 2933 cited the same factors that were discussed in *Sage*, and added the desire that prisons become more self-sufficient through the establishment of work programs. (*People v. Caddick, supra*, 160 Cal.App.3d 46, 53.) The legislative justification for this differential treatment of prisoners cannot be summarily rejected here, as it was in *Sage*, because the factors do not apply to misdemeanants here. The Supreme Court has subsequently cited *Poole, Ross, Valladares,* and *Caruso, supra*, with apparent approval for the conclusion that the state's interest in rehabilitation and the difficulty in establishing prison-style work programs in county jails justify the disparate application of presentence and postsentence work credits. (*People v. Waterman* (1986) 42 Cal.3d 565, 570 [229 Cal.Rptr. 796, 724 P.2d 482].) We conclude that appellant's argument is incorrect, and we adhere to the existing authority on this issue.

---

[4] In addition, even if we agreed with appellant, there is no showing that he participated in any type of work program while in custody that might be considered comparable to the qualifying programs available in prison.

The purported appeal is deemed a petition for writ of habeas corpus, and is denied.

Newsom, Acting P. J., and Holmdahl, J., concurred.