[No. A051889. First Dist., Div. Five. Aug. 7, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE D. GUTIERREZ, Defendant and Appellant.

## COUNSEL

James B. Laflin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Mark S. Howell and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KING, J.**—In this case we hold that presentence conduct credits are to be given at the rate of six days' total credit for every four days spent in actual custody, not one and one-half days for each day spent in custody.

Jose D. Gutierrez appeals from a judgment of imprisonment for sale of cocaine (Health & Saf. Code, § 11352) and possession of cocaine for sale (Health & Saf. Code, § 11351). The court imposed a three-year prison term. Gutierrez received 30 days of credit for time served and 15 days of conduct credit.

Gutierrez contends he should have received two more days of sentencing credit. First, he correctly points out that he was entitled to receive two days of custody credit, instead of the one he received, for his initial period of custody on April 5-6, 1989. The Attorney General concedes the point. Gutierrez should have received 31 days of custody credit instead of 30 days.

██ Second, Gutierrez contends he should have received one more day of conduct credit—i.e., 16 days—for the 31 days he spent in custody. He relies on the past practice of calculating total credits by granting one and one-half

the number of days spent in custody (e.g., *In re Allen* (1980) 105 Cal.App.3d 310, 315 [164 Cal.Rptr. 319]), and "rounding up" where the actual time served is an odd number (e.g., *People* v. *Perez* (1989) 216 Cal.App.3d 1346, 1348 [265 Cal.Rptr. 400]).

The governing statute, however, states that "a term of *six* days will be deemed to have been served for every *four* days spent in actual custody." (Pen. Code, § 4019, subd. (f), italics added.) Recent decisions have concluded that, consistent with the plain language of the statute and evident legislative intent, conduct credits are to be given for sets of four days' actual time served, with no credit for anything less. A residual set of fewer than four days may not be "rounded up." Thus, the *Allen* "two to get one" method is proper only when the number of days actually served is divisible by four. (*People* v. *Bravo* (1990) 219 Cal.App.3d 729, 733-735 [268 Cal.Rptr. 486]; *People* v. *Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515]; see also *People* v. *Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707].) We find the *Bravo* line of cases persuasive and follow them here.

Accordingly, Gutierrez was entitled to no more than 14 days of conduct credit for 7 sets of 4 days (or 28 days) of actual time served. He was not entitled to any conduct credit for the remaining three days served. Thus, the trial court should have awarded one more day of custody credit but one less day of conduct credit. Because Gutierrez received the correct amount of net sentencing credit, the custody credit error was harmless.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.