[No. F014761. Fifth Dist. Feb. 19, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PERRY EUGENE KING, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Statement of Facts and parts II and III.

## COUNSEL

James B. Laffin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Edgar A. Kerry and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEST, P. J.**—Perry Eugene King appeals from the judgment entered on a jury verdict convicting him of discharging a firearm at an occupied building (Pen. Code,[1] § 246). In the published portion of the opinion we reject his contention that he is entitled to two additional days of conduct credit under section 4019 and the principle of equal protection of the laws.

### STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I. Custody Credits

Defendant received 47 days of actual custody credit and 22 days of good-time/work-time credit for a total of 69 days. He contends he is entitled to two additional days of conduct credit. Citing *People* v. *Perez* (1989) 216 Cal.App.3d 1346, 1348 [265 Cal.Rptr. 400] and *People* v. *Scroggins* (1987) 191 Cal.App.3d 502, 508 [236 Cal.Rptr. 569], he calculates his conduct credits by dividing the number of days in custody, 47, by 2 (47 divided by 2

---

[1] All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 882.

equals 23.5), adding that figure to 47 for a total of 70.5 and "rounding up" for a total of 71.

The conduct credit statute, section 4019, subdivisions (b) and (c), state for each six-day period in which a prisoner is confined, one day shall be deducted from his period of confinement for satisfactorily performing labor, and one day shall be deducted for compliance with the rules and regulations of the facility. "If all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (§ 4019, subd. (f).)

Since the early 1980's many courts approximated the conduct credit by multiplying the actual custody days by 1.5. (See, e.g., *In re Allen* (1980) 105 Cal.App.3d 310, 315 [164 Cal.Rptr. 319].) However, under the plain language of the statute, the 1.5 formula is incorrect. ■ Credits are given for increments of four days. No credit is awarded for anything less. (*People* v. *Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515].) Thus, for his 47 days of actual custody, defendant is entitled to 22 days of conduct credit—11 for labor and 11 for compliance with rules and regulations—and no additional credit for the extra 3 days.

Defendant argues that the statutory interpretation and method of calculation adopted in *Smith* violates equal protection guarantees because it fails to give conduct credits for days of actual custody in excess of increments of four. Defendant relies on *People* v. *Sage* (1980) 26 Cal.3d 498, 507-508 [165 Cal.Rptr. 280, 611 P.2d 874], which addressed the system whereby pretrial felony detainees were denied the conduct credits that were available to postconviction prison inmates and pretrial misdemeanant detainees. *Sage* held there was no rational basis for denying presentence felony detainees conduct credit while convicted felons who had avoided presentence custody received such credit when they served their sentences wholly after trial.

In 1982, the Legislature codified *Sage* by amending section 4019 to provide for conduct credit in the case of pretrial felony detainees. Defendant contends the Legislature introduced a new equal protection violation by awarding conduct credit only after each block of four days is served. He contends there is no rational basis for giving the same amount of conduct credit to detainees who have behaved appropriately for a period of time divisible by four as is awarded to detainees who have served four-day increments as well as additional days not divisible by four.

■ The concept of the equal protection of the laws compels that persons similarly situated with respect to the legitimate purpose of the law receive

like treatment. (*People* v. *Rosaia* (1984) 157 Cal.App.3d 832, 844 [203 Cal.Rptr. 856].) However, the Legislature may make a reasonable classification of persons and pass special legislation applying to certain classes. The classification cannot be arbitrary, but must be based on some difference in the classes having a substantial relation to a legitimate objective to be accomplished. (8 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, § 599, p. 51.) The presumption is in favor of the classification and will not be rejected unless plainly arbitrary. (*County of L.A.* v. *Southern Cal. Tel. Co.* (1948) 32 Cal.2d 378, 392 [196 P.2d 773].)

■ Assuming the equal protection clause applies to pretrial detainees held for multiples of four days and those held for periods that are not even multiples of four, we conclude there is a rational basis for the four-day increment method of calculation. Section 4019 awards two distinct kinds of credit. Section 4019, subdivision (b) authorizes one day of credit for each four-day period of confinement if the prisoner has performed assigned labor. Section 4019, subdivision (c) authorizes one day of credit for each four-day period of confinement if the prisoner has satisfactorily complied with the rules and regulations of the institution. The Legislature apparently determined the appropriate ratio for awarding each type of compliant behavior is a reduction of sentence by one day for four days of appropriate behavior. The Legislature can rationally reward each type of behavior separately and in whole day increments as a reasonable accommodation to administrative practicality.

■ Defendant also contends there is a factual contradiction in awarding actual custody credits for days of partial custody but awarding conduct credit for only completed four-day custody periods. Not so; the difference is due to the language utilized in each statute.

Actual custody credits are awarded under section 2900.5 which provides "when a defendant has been in custody, . . . all days of custody of the defendant . . . shall be credited upon his term of imprisonment." Since section 2900.5 speaks in terms of "days" rather than "hours," it is presumed the Legislature intended to treat any partial day as a whole day. (*People* v. *Smith, supra*, 211 Cal.App.3d at p. 526.) ■ " ' "When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted." ' " (*Ibid.*) ■ Had the Legislature intended otherwise, it could easily have provided for credit on the basis of 24-hour periods instead of days. Thus, the "days" in section 2900.5 must be interpreted to include partial days. (211 Cal.App.3d at p. 526.)

On the other hand, the legislative intent expressed in section 4019 that "a term of six days will be deemed to have been served for every four days

spent in actual custody" is not ambiguous. ▉ When a statute is unambiguous, " 'there is no need for construction, and courts should not indulge in it.' " (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 800 [268 Cal.Rptr. 753, 789 P.2d 934], italics in original omitted.) Accordingly, the court correctly calculated defendant's presentence conduct credits.

*II., III.**

. . . . . . . . . . . . . . . . . . . . . . . . .

*IV. Disposition.*

The judgment is affirmed.

Vartabedian, J., and Thaxter, J., concurred.

---

*See footnote, *ante*, page 882.