[No. C010801. Third Dist. May 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
SUE SHIRLEY JACOBS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

102

COUNSEL

Maureen J. Shanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

NICHOLSON, J.—Penal Code section 4019 allows a presentence detainee to earn two days of conduct credits for each four-day period actually served. Defendant served but two days, received no conduct credits at sentencing, and, on appeal, challenges the statutory scheme in section 4019. She asserts it denies equal protection to those who serve other than a multiple of four days in presentence confinement. We hold section 4019 does not deny equal protection and affirm the judgment.

DISCUSSION

I

*Conduct Credit for Presentence Confinement*

Defendant spent two days in custody before sentencing; therefore, the trial court applied Penal Code section 4019 and awarded no conduct credits.[1] (*People* v. *Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707]; *People* v. *Smith* (1989) 211 Cal.App.3d 523 [259 Cal.Rptr. 515].) ■ On appeal, defendant claims the section 4019 formula (six days' credit for every four

---

[1]Penal Code section 4019 provides, in relevant part:

"(b) [F]or each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement

days served) denies equal protection because it treats presentence detainees who serve other than an exact multiple of four days differently from those who serve an exact multiple of four days. She concludes she is constitutionally entitled to one day of conduct credit.

Equal protection requires the state to treat similarly situated persons alike, with some exceptions in which the disparate treatment is sufficiently related to the purpose of the statute in question. (*People* v. *King* (1992) 3 Cal.App.4th 882, 885-886 [4 Cal.Rptr.2d 723].) "Prerequisite to a meritorious claim under an equal protection analysis is a showing that the state has imposed a classification which affects two or more similarly situated groups." (*Duffy* v. *State Personnel Bd.* (1991) 232 Cal.App.3d 1, 20 [283 Cal.Rptr. 622].)

While applying Penal Code section 4019 can result in an award of two days' credit for each four-day period of presentence confinement, the two days are based on one day of credit each for work and good behavior. "Section 4019 awards two distinct kinds of credit. Section 4019, subdivision (b) authorizes one day of credit for each four-day period of confinement if the prisoner has performed assigned labor. Section 4019, subdivision (c) authorizes one day of credit for each four-day period of confinement if the prisoner has satisfactorily complied with the rules and regulations of the institution. The Legislature apparently determined the appropriate ratio for awarding each type of compliant behavior is a reduction of sentence by one day for four days of appropriate behavior." (*King, supra,* 3 Cal.App.4th at p. 886.)

*King* rejected an equal protection attack on Penal Code section 4019. It found the section 4019 formula is rationally related to the Legislature's purpose. (*King, supra,* 3 Cal.App.4th at p. 886.) Defendant claims the appropriate test for determining whether section 4019 denies equal protec-

---

unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(c)  For each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(e)  No deduction may be made under this section unless the person is committed for a period of six days or longer.

"(f)  It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody."

tion is strict scrutiny, rather than rational relationship, because section 4019 impinges on personal liberty, a fundamental interest. (See *People* v. *Caruso* (1984) 161 Cal.App.3d 13, 17 [207 Cal.Rptr. 221]; but see *People* v. *Rosaia* (1984) 157 Cal.App.3d 832, 847 [203 Cal.Rptr. 856].) However, we need not apply either test because section 4019 does not provide the prerequisite for an equal protection challenge: it does not discriminate between two or more similarly situated classes.

Defendant compares those who serve an exact multiple of four days to those who do not, implying they are similarly situated. She then calculates the ratios of conduct credits to time served and asserts Penal Code section 4019 violates equal protection because the ratios are not congruent. However, her method is constitutionally inapt.

Equal protection does not require equality of the ratio of conduct credit to time served. (See *People* v. *DeVore* (1990) 218 Cal.App.3d 1316, 1319 [267 Cal.Rptr. 698], and cited cases.) Penal Code section 4019 therefore validly divides a presentence detainee's potential confinement into four-day periods. Each full four-day period actually served entitles a detainee to two days of additional credit, one day each for work and good behavior, if earned. Only four-day increments are cognizable under the statute.

Under the Penal Code section 4019 scheme, a detainee is *not* similarly situated to *all* other presentence detainees, as would be the case if a uniform ratio were required for all detainees. Instead, a detainee is similarly situated only to other detainees who have served the same number of days in presentence confinement.

Defendant received the same treatment under Penal Code section 4019 as any other defendant who serves the same number of days in presentence confinement. No defendant who has served only two days in presentence confinement may receive any additional credit because section 4019 requires four days of custody before any additional days of credit are awarded. Accordingly, defendant's equal protection argument has no merit.

II, III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

/

*See footnote, *ante*, page 101.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Davis, J., concurred.