[No. A060056. First Dist., Div. One. Sept. 15, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY RAY HEARD, Defendant and Appellant.

## COUNSEL

Stanley G. Hilton, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Violet M. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NEWSOM, Acting P. J.**—Upon revocation of appellant's probation, he was sentenced to the middle term of three years for aggravated assault (Pen. Code, § 245, subd. (a)(1)).[1] He was awarded 217 days of presentence custody credits and 108 days of conduct credits. On appeal, he challenges only the award of credits.

First, he contends that the trial court miscalculated his presentence custody credits, due primarily to an inaccurate listing of the arrest date as October 26, 1992, in the supplemental probation report. Documentary evidence reveals that appellant was actually arrested and placed in custody on October 22, 1992, and sentenced on December 3, 1992. Appellant is entitled to credit for both the date of his arrest and date of sentencing, so he must be awarded 43 days presentence custody credit rather than 38 days, as the Attorney General concedes. (*People* v. *Fugate* (1990) 219 Cal.App.3d 1408, 1414 [269 Cal.Rptr. 37]; *People* v. *Bravo* (1990) 219 Cal.App.3d 729, 735 [268 Cal.Rptr. 486]; *In re Jackson* (1986) 182 Cal.App.3d 439, 442-443 [227 Cal.Rptr. 303].) Thus, including prior presentence days in custody—of 179 days before appellant was granted probation—appellant must be awarded a total of 222 days of actual custody credits. A commensurate correction must

---

[1] All further statutory references are to the Penal Code.

be made in appellant's conduct credits from 108 days to 110 days pursuant to section 4019. (See *People* v. *King* (1992) 3 Cal.App.4th 882, 886 [4 Cal.Rptr.2d 723]; *People* v. *Gutierrez* (1991) 232 Cal.App.3d 1571, 1573 [284 Cal.Rptr. 211].)

■ Appellant also argues that the "two-for-four" method used for calculation of presentence conduct credits under section 4019 denied him equal protection of the law. Section 4019, subdivision (f) specifies that unless a prisoner fails to perform labor as assigned or comply with reasonable rules and regulations ". . . a term of six days will be deemed to have been served for every four days spent in actual custody."[2] Section 4019 has been construed as awarding conduct credits calculated on the basis of multiples of four days only, with no partial credit for less than four-day increments. (*People* v. *Fabela* (1993) 12 Cal.App.4th 1661, 1664 [16 Cal.Rptr.2d 447]; *People* v. *Gutierrez, supra,* 232 Cal.App.3d at p. 1573; *People* v. *Bravo, supra,* 219 Cal.App.3d at p. 735; *People* v. *Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515]; *People* v. *Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707].) "Only four-day increments are cognizable under the statute." (*People* v. *Jacobs* (1992) 6 Cal.App.4th 101, 104 [7 Cal.Rptr.2d 781].) Credits to sentenced prisoners for "good behavior" are awarded under section 2931 according to a "2-for-1" ratio. Appellant maintains that the denial of conduct credits to presentence detainees for days of custody "not evenly divisible by [the] four[-day time period]" stated in section 4019, denies equal protection of the law to those who are without the financial resources to post bail by treating them differently than "prisoners who post bond" and obtain "2-for-1" conduct credits after sentencing under "section 2931."[3] The disparate statutory treatment of conduct credits, submits appellant, "results in longer prison sentences for poor prisoners unable

---

[2]Section 4019 actually "awards two distinct kinds of credit. Section 4019, subdivision (b) authorizes one day of credit for each four-day period of confinement if the prisoner has performed assigned labor. Section 4019, subdivision (c) authorizes one day of credit for each four-day period of confinement if the prisoner has satisfactorily complied with the rules and regulations of the institution. The Legislature apparently determined the appropriate ratio for awarding each type of compliant behavior is a reduction of sentence by one day for four days of appropriate behavior. The Legislature can rationally reward each type of behavior separately and in whole day increments as a reasonable accommodation to administrative practicality." (*People* v. *King, supra,* 3 Cal.App.4th at p. 886.)

[3]Section 2931 provides that the Department of Corrections "shall have the authority to reduce the term" for a felony conviction under section 1170 "by one-third for good behavior and participation" in a specific prison work, educational, therapeutic or other program. Subdivision (b) of section 2931 states: "Total possible good behavior and participation credit shall result in a four-month reduction for each eight months served in prison or in a reduction based on this ratio for any lesser period of time." The combined "conduct credits" earned under section 2931 results in a one-third reduction in sentence, calculated according to the

to post bond," a violation of equal protection of the law. He asks for 111 days of conduct credit rather than the 108 days he was awarded.[4]

■ "The constitutional guaranty of equal protection of the laws has been judicially defined to mean that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances in their lives, liberty and property and in their pursuit of happiness. [Citations.] The concept recognizes that persons similarly situated with respect to the legitimate purpose of the law receive like treatment, but it does not . . . require absolute equality. [Citations.] Accordingly, a state may provide for differences as long as the result does not amount to invidious discrimination. [Citations.]" (*People* v. *Romo* (1975) 14 Cal.3d 189, 196 [121 Cal.Rptr. 111, 534 P.2d 1015].)"

■ "Equal protection does not require equality of the ratio of conduct credit to time served. [Citation.]" (*People* v. *Jacobs, supra,* 6 Cal.App.4th 101, 104.) ■ The constitutional guarantee of equal protection does not

formula of one day of credit for each two days served. (*People* v. *Delarosa* (1986) 176 Cal.App.3d 318, 321-322, and fn. 2 [221 Cal.Rptr. 743].)

Effective January 1, 1983, the statutory sentence reduction scheme was revised. (See Stats. 1982, ch. 1234, § 2, pp. 4548-4549; *In re Monigold* (1983) 139 Cal.App.3d 485, 490, fn. 6 [188 Cal.Rptr. 698].) By its terms, section 2931 does "not apply to any person whose crime was committed on or after January 1, 1983." Section 2933 now governs "worktime credits" awarded to state prison inmates. (See *People* v. *Rosaia* (1984) 157 Cal.App.3d 832, 841-843 [203 Cal.Rptr. 856].) Subdivision (a) of section 2933 provides in pertinent part: "It is the intent of the Legislature that persons *convicted of a crime and sentenced to state prison,* under Section 1170, serve the entire sentence imposed by the court, except for a reduction in the time served in the custody of the Director of Corrections for performance in work, training or education programs established by the Director of Corrections. . . . For every six months of full-time performance in a *credit qualifying program,* as designated by the director, a prisoner shall be awarded worktime credit reductions from his term of confinement of six months. . . . Except as provided in subdivision (a) of Section 2932, every prisoner willing to participate in a full time credit qualifying assignment but who is either not assigned to a full-time assignment or is assigned to a program for less than full-time, shall receive no less credit than is provided under Section 2931. . . ." (Italics added.) Thus, presently only state prisoners not assigned to full-time qualifying assignments have credits calculated under the section 2931 formula. (*People* v. *DeVore* (1990) 218 Cal.App.3d 1316, 1320 [267 Cal.Rptr. 698]; *People* v. *Valladares* (1984) 162 Cal.App.3d 312, 321 [208 Cal.Rptr. 604].)

[4]In dispute, upon our recalculation of appellant's credit for actual days served and resulting credits under 4019, is one day of credit. We have decided that appellant is entitled to 222 days of actual credit for time served. Under the two-for-four formula of section 4019, he must be awarded conduct credits as follows: two hundred twenty-two days actual credit divided by four equals fifty-five—that is, fifty-five "sets" of four days, with no partial credit for the two additional days—times two equals one hundred ten. (*People* v. *Smith, supra,* 211 Cal.App.3d at p. 527; see also *People* v. *Dailey* (1992) 8 Cal.App.4th 1182, 1184 [11 Cal.Rptr.2d 136]; *People* v. *Bobb, supra,* 207 Cal.App.3d at p. 97.) If calculated in accordance with the two-for-one formula of section 2931 for state prison inmates unable to participate in a qualifying assignment under section 2933, appellant would be entitled to one hundred eleven days of custody credits.

mandate uniform operation of the law with respect to different persons or classes. (*In re Gary W.* (1971) 5 Cal.3d 296, 303 [96 Cal.Rptr. 1, 486 P.2d 1201].) "[T]he Legislature may make a reasonable classification of persons and pass special legislation applying to certain classes. The classification cannot be arbitrary, but must be based on some difference in the classes having a substantial relation to a legitimate objective to be accomplished. (8 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, § 599, p. 51.) The presumption is in favor of the classification and will not be rejected unless plainly arbitrary. (*County of L.A.* v. *Southern Cal. Tel. Co.* (1948) 32 Cal.2d 378, 392 [196 P.2d 773].)" (*People* v. *King, supra,* 3 Cal.App.4th at p. 886.)

■ Appellant relies on our high court's decision in *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal Rptr. 280, 611 P.2d 874], to argue that the disparate and less favorable treatment accorded pretrial detainees constitutes a violation of equal protection principles. In *Sage,* the court found an equal protection violation in the disparity resulting from denial of conduct credits to pretrial felony detainees which were afforded by statute to postconviction prison inmates and pretrial misdemeanant detainees. (*Id.* at p. 507.)[5]

We agree with appellant that the distinction, trivial as it is, between pretrial felony detainees and state prison inmates with respect to the formula used to calculate credits, creates a classification which demands an equal protection analysis. (*People* v. *Sage, supra,* 26 Cal.3d at p. 507; *People* v. *Caddick* (1984) 160 Cal.App.3d 46, 51 [206 Cal.Rptr. 454].) Nevertheless, we conclude that the slightly less favorable section 4019 two-for-four credit formula does not constitute a denial of equal protection. (*People* v. *Ross* (1985) 165 Cal.App.3d 368, 377 [211 Cal.Rptr. 595].) Pretrial felony detainees and state prison inmates are not similarly situated with respect to the purposes of the custody credit statutes. While state prison inmates are conclusively guilty and presumptively in need of rehabilitation, pretrial felony detainees are presumptively innocent and may not require rehabilitation. (*People* v. *DeVore, supra,* 218 Cal.App.3d 1316, 1320; *People* v. *Ross, supra,* 165 Cal.App.3d 368, 377; *People* v. *Caruso* (1984) 161 Cal.App.3d 13, 19 [207 Cal.Rptr. 221]; *People* v. *Caddick, supra,* 160 Cal.App.3d 46, 53; *People* v. *Rosaia, supra,* 157 Cal.App.3d 832, 847-848.) The difficulty of establishing prison-style work programs in county jails for pretrial detainees—who may make bail, or have work programs interrupted by court appearances and other obligations—further distinguishes pretrial detainees from state prisoners and justifies the slightly disparate scheme for awarding

---

[5]In 1982, the Legislature essentially codified the *Sage* decision by amending section 4019 to provide conduct credits to pretrial felony detainees. (See Stats. 1982, ch. 1234, § 7, p. 4553.)

conduct credit to the former class. (*Ibid.*) We find no invidious classification or equal protection violation in the calculation of appellant's conduct credits under section 4019. (*Ibid.*)

 ██ ██ The judgment is modified to award appellant a total of 332 days of precommitment credit, and as modified, is affirmed.[6]

Stein, J., and Dossee, J., concurred.

---

[6]While we recognize the necessity of the formal appellate process to resolve appellant's equal protection argument, we observe that correction of minor clerical sentencing errors such as the mathematical recalculation of credits is most appropriately undertaken by noticed motion filed first in the trial court. (See *People* v. *Fares* (1993) 16 Cal.App.4th 954, 959-960 [20 Cal.Rptr.2d 314].)