Filed 10/4/13  P. v. Fernandez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B244545 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA097447) |
| v. | |
| MANUEL JOSE FERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John E. Dobroth, Judge.  Affirmed as modified with directions.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant, Manuel Jose Fernandez, of carrying concealed upon his person a dirk or dagger. (Pen. Code,[1] § 21310.) Defendant waived his right to a jury trial as to alleged prior conviction and prison term allegations. The trial court found defendant had sustained two prior serious felony convictions within the meaning of sections 667, subdivisions (b) through (i) and 1170.12. The trial court subsequently struck one of those prior serious felony conviction findings. The trial court further found defendant had served two prior separate prison terms within the meaning of section 667.5, subdivision (b). Defendant was sentenced to six years in state prison.

On March 30, 2012, at approximately 11:50 a.m., Deputy Sean Cariaga was on patrol with Deputy Luis Rodriguez. Deputy Cariaga saw defendant drinking what appeared to be a bottle of beer. The deputies approached defendant intending to cite him for public alcohol consumption. Defendant was wearing a jacket with a long white T-shirt underneath. Deputy Cariaga could not tell what, if anything, defendant might be concealing. Out of concern for his safety, Deputy Cariaga prepared to conduct a pat-down search. Defendant was instructed to put his hands on the hood of the patrol car, then to place them behind his back. Defendant told the deputies he had a knife at his back. Deputy Cariaga found a knife with a fixed five-inch blade in a sheath. The weapon was tucked between defendant's back and the waistband of his shorts.

We appointed counsel to represent defendant on appeal. After examination of the record, appellate counsel has filed a brief in which no issues are raised. Instead, appointed counsel has asked us to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264-265.) On April 26, 2013, we advised defendant he had 30 days within which to submit by brief or letter any contentions or argument he wished us to consider. No response has been received. We have examined the entire record in accordance with *People v. Wende, supra,* 25 Cal.3d at pages 441-442. Neither appointed counsel nor defendant has identified any issue for our review.

---

[1] All further statutory references are to the Penal Code except where otherwise noted.

We asked the parties to brief several jurisdictional sentencing errors. The trial court imposed a $200 restitution fine under section 1202.4, subdivision (b)(1). The trial court found, "[N]one of the fees [is] applicable." We asked the parties to brief the questions whether the judgment must be modified to impose a: $200 parole revocation restitution fine (§ 1202.45); $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)); and $40 court operations assessment. (§ 1465.8, subd. (a)(1).) The judgment must be modified and the abstract of judgment amended to so provide. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483-484; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1084.)

The trial court failed to orally award defendant any custody credit. The abstract of judgment reflects 153 days of presentence custody credit and 153 days of conduct credit. Defendant was in presentence custody from March 30 to August 29, 2012, a 153-day period. Under section 4019, subdivision (f), however, conduct credit accrues at a rate of two days for every two days of actual presentence custody. A defendant, as here, who serves an odd number of days in presentence custody earns an equal amount of conduct credit less one day. Therefore, we asked the parties to brief the question whether defendant should have received credit for 153 days in presentence custody plus 152 days of conduct credit. The judgment must be modified and the abstract of judgment amended to so provide. (See *People v. Philpot* (2004) 122 Cal.App.4th 893, 908-909 [applying prior rule where two days of credit were granted for four days of custody]; *People v. Williams* (2000) 79 Cal.App.4th 1157, 1176, fn. 14 [same].) Because defendant received the same conduct credit as any other inmate who served the same number of days in presentence custody, there is no equal protection violation. (*People v. Jacobs* (1992) 6 Cal.App.4th 101, 104; see *People v. Heard* (1993) 18 Cal.App.4th 1025, 1029.)

## DISPOSITION

The judgment is modified to impose a: $200 parole revocation restitution fine (§ 1202.45) which is to be stayed; $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)); and $40 court operations assessment (§ 1465.8, subd. (a)(1)). Additionally,

3

the oral pronouncement of judgment must be modified to award defendant credit for 153 days in presentence custody plus 152 days of conduct credit.  The judgment is affirmed in all other respects.  Upon remittitur issuance, the clerk of the superior court must prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KRIEGLER, J.

4