[No. B202276. Second Dist., Div. Eight. Oct. 17, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
EDUARDO MARIN NUNEZ, Defendant and Appellant.

COUNSEL

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RUBIN, J.**—Eduardo Marin Nunez appeals from the trial court's calculation of his presentence conduct credits (sometimes known as "good time/work time credits") under Penal Code section 2933.1, subdivision (c).[1] We affirm, with a minor modification of the sentence.

## FACTS AND PROCEEDINGS

In April 2006, appellant Eduardo Marin Nunez pleaded guilty to one count of robbery (case No. VA093554). The court sentenced appellant to two years

---

[1] All undesignated statutory references are to the Penal Code.

in state prison, but suspended his sentence and placed him on three years' probation with credit based on 90 days actually served presentence. One month later, appellant unlawfully drove someone else's car (case No. BA303484). He was later arrested and held without bail, and a jury convicted him of unlawful driving. (Veh. Code, § 10851, subd. (a).)[2]

The court sentenced appellant to four years in state prison for unlawful driving. The court also terminated appellant's probation for robbery and ordered him to serve his two-year sentence for that offense concurrently with his sentence for unlawful driving. For appellant's term of imprisonment for robbery, the court awarded him 105 days of presentence custody credit, consisting of 90 days' actual time served and 15 days' presentence conduct credits.[3] For unlawful driving, the court awarded appellant 436 days of actual presentence custody plus conduct credit equal to 15 percent of the days he served before sentencing. On appeal, appellant contends the court erred by limiting his presentence conduct credits for unlawful driving to 15 percent of actual time served, instead of awarding him 50 percent.[4]

## DISCUSSION

A defendant ordinarily receives credit against his time in state prison for the days he spends in local custody before a court sentences him to prison. (*People v. Cooper* (2002) 27 Cal.4th 38, 40 [115 Cal.Rptr.2d 219, 37 P.3d 403]; § 2900.5, subd. (a).) In addition to credit for the days spent in local custody, a defendant may also earn credits for his conduct before sentencing. (§ 2933.1, subd. (c).) A sentencing court calculates a defendant's presentence conduct credits as a percentage of the days the defendant spent in actual confinement. The usual percentage is 50 percent of actual time served. (*People v. Cooper*, at p. 40 [may receive up to two days' conduct credit for every four days served].) But, if the defendant's offense is statutorily defined as "violent," section 2933.1, subdivision (c) limits the presentence conduct credit to 15 percent of actual time served before sentencing. (See § 2933.1, subds. (a), (c); § 667.5, subd. (c) [statutory definition of violent crimes]; *People v. Cooper*, at p. 40.)

---

[2] In addition to convicting appellant for unlawful driving, the jury also convicted him of receiving stolen property in taking possession of the car. The court stayed appellant's sentence for receiving stolen property, and that conviction is not germane to our analysis.

[3] Appellant acknowledges the court's mathematical error in calculating 15 days of presentence conduct credit. The correct number of days is 13.

[4] Appellant and respondent agree that *if* 15 percent is the correct rate, the court miscalculated the number of days appellant earned in presentence conduct credit against his sentence for unlawful driving; the court should have credited him with 65 days. Precisely speaking, 15 percent of appellant's 436 days of actual presentence custody is 65.4 days. In a typographical error, respondent's brief transposes the digits to *64.5*. Appellant's reply brief repeats the transposition error and adds one of its own, by omitting the decimal point to declare 15 percent is "645" days. A desktop calculator shows the correct derivation: 436 x 0.15 = 65.4.

Appellant notes he was held in local custody for two offenses while he awaited trial for unlawful driving: one offense—robbery—was violent; the second offense—unlawful driving—was not. (§ 667.5, subd. (c)(9) [defining robbery as violent].) Appellant concedes the 15 percent limit for presentence conduct credits applies to robbery, but he reasons it does not apply to unlawful driving because that offense was not violent. He contends the court thus erred in limiting his presentence conduct credits for unlawful driving to 15 percent of his days of actual custody.

■ We conclude the court correctly applied the 15 percent limit to both offenses. It is often said that the 15 percent cap applies to the offender, not the offense; thus, the 15 percent limit applies to each offense of a defendant's entire prison term if *any* of the offenses for which he is sent to prison is violent. *People v. Ramos* (1996) 50 Cal.App.4th 810 [58 Cal.Rptr.2d 24] (*Ramos*), which involved presentence credits for violent and nonviolent offenses, illustrates the point. There, the court limited the defendant's presentence conduct credits to 15 percent of the time spent in actual local custody. *Ramos* explained: "[T]he language of section 2933.1 does not support [defendant's] position [of awarding 50 percent presentence conduct credits for nonviolent offenses]. The statute . . . limits to 15 percent the maximum number of conduct credits available to 'any person who is convicted of a felony offense listed in Section 667.5.' That is, by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective of whether or not all his or her offenses come within section 667.5." (*Ramos*, at p. 817.)[5]

■ Appellant tries to distinguish *Ramos* because it involved consecutive sentences, whereas he drew concurrent sentences. (*Ramos, supra*, 50 Cal.App.4th at p. 817.) Appellant notes that California sentencing law applies a merger rule to consecutive sentences, but not to concurrent sentences. In *In re Reeves* (2005) 35 Cal.4th 765 [28 Cal.Rptr.3d 4, 110 P.3d 1218], our Supreme Court discussed merger's effect on conduct credits for consecutive and concurrent sentences, albeit those earned while in prison. *Reeves* explained that under merger, consecutive terms become a unified aggregate fused into one overarching sentence—what *Reeves* described as a "single, unitary period of confinement." (*Reeves*, at p. 774.) "[M]ultiple consecutive determinate terms must be combined into a single, 'aggregate term of imprisonment for all [such] convictions' [citation] that merges all terms to be served consecutively . . . . For this reason, when an aggregate term includes

---

[5] See also *People v. McNamee* (2002) 96 Cal.App.4th 66, 73 [116 Cal.Rptr.2d 625] ("As the Attorney General points out, section 2933.1 has repeatedly been held to impose a 15 percent limitation on presentence credits against *any part* of the sentence of a defendant convicted of a violent felony, including terms imposed for additional offenses which are not violent felonies." (Original italics.).).

time for a violent offense, at any point during that term the prisoner literally 'is convicted of a [violent] felony offense' [citation] and actually is serving time for that offense. Accordingly, a restriction on credits [such as those for presentence conduct] applicable to 'any person who is convicted of a [violent] felony offense' [citation] logically applies throughout the aggregate term." (*Reeves*, at pp. 772–773.)

*Reeves* rejected the notion that consecutive terms are served one after another in a discernable sequence such that different percentage rates of prison conduct credit can apply to different spans of the defendant's time in prison. "To suggest that a prisoner serving an aggregate term serves the component terms and enhancements in any particular sequence would be a meaningless abstraction." (*Reeves, supra*, 35 Cal.4th at p. 773.) Under *Reeves*, consecutive terms become one single sentence.

■ Merger does not, however, apply to concurrent sentences. *Reeves* emphasized the difference as follows: "A court that decides to run terms *consecutively* must create a new, 'aggregate term of imprisonment' [citation] into which all the consecutive terms merge, but no principle of California law merges *concurrent* terms into a single aggregate term." (*Reeves, supra*, 35 Cal.4th at p. 773.) Because concurrent terms retain their separate identities for sentencing, a trial court can award different percentages of prison conduct credits to different offenses. Thus, in the case before it, the *Reeves* court approved awarding 50 percent prison conduct credit to a prisoner's nonviolent offense, while limiting him to 15 percent for his violent offense. (*Reeves*, at p. 780.)

Appellant suggests merger explains the uniform 15 percent ceiling on conduct credit for nonviolent and violent offenses in *Ramos*, which involved consecutive sentences. But as appellant reads *Reeves*, concurrent sentences do not merge and thus a sentencing court need not apply a uniform flat rate. Thus, according to appellant, *Ramos*'s holding that the limit on presentence custody credits applies to the offender, not the offense, does not apply here to appellant's concurrent sentences.

Appellant is correct that *Ramos* involved consecutive sentences. But no obvious reason exists that *Ramos*'s application turns on whether a sentence is consecutive or concurrent. First, nothing in *Ramos*'s language suggests such a distinction. Furthermore, our doubt that such a distinction exists draws implicit support from our Supreme Court's treatment of *Ramos* in *Reeves*. Like here, *Reeves* involved concurrent sentences for violent and nonviolent offenses. But unlike here, *Reeves* involved conduct credits earned in prison under subdivision (a) of section 2933.1, instead of presentence conduct credits of the type appellant earned under subdivision (c) of that statute.

In *Reeves*, the People urged the Supreme Court to apply a single 15 percent rate to conduct credits earned at any time during a prisoner's confinement in state prison if any of the prisoner's offenses were violent. In arguing for a single rate, the People looked for examples where the law had applied a uniform percentage in calculating conduct credits for a defendant's different offenses. (*Reeves, supra*, 35 Cal.4th at p. 774.) One example the People cited was section 2933.1, subdivision (c)—the provision at issue here. But *Reeves* found unpersuasive the People's reliance on subdivision (c). *Reeves* did so not because subdivision (c) prohibited a single percentage for awarding conduct credits. Instead, it rejected the People's example because the People were trying to graft onto subdivision (a), which involved prison conduct credits, limitations to presentence conduct credits from subdivision (c), so that subdivision (c) "qualified" subdivision (a); *Reeves* found the attempted grafting failed as a matter of statutory construction. (*Reeves*, at pp. 775–776.) Despite rebuffing the People's attempt to layer subdivision (c) onto subdivision (a), *Reeves* noted subdivision (c) permitted applying a single rate to presentence conduct credits. Quoting *Ramos* approvingly, *Reeves* adopted *Ramos*'s expression that presentence credits " 'appl[y] to the offender not to the offense' " and observed that "[a] period of presentence confinement is indivisibly attributable to all of the offenses with which the prisoner is charged and of which he is eventually convicted." (*Reeves*, at p. 775.) *Reeves* dismissed applying different rates to different portions of a defendant's presentence confinement because it "would have required the court to parse such a single, unitary period of presentence confinement into hypothetical, overlapping terms eligible to earn credit at different rates. Such a result finds no support in the language of subdivision (c), which limits the credits a prisoner may earn against an '*actual period of confinement*' [citation] following arrest and before sentencing." (*Ibid.*, original italics.)

■ *Reeves* is not dispositive because it involved prison conduct credits under section 2933.1, subdivision (a), not presentence credits at issue here under subdivision (c), and thus its discussion of presentence credits is arguably dicta.[6] *Ramos* answers how a sentencing court calculates presentence credits when the court deals with consecutive terms—but that is only one part of a two-part question. We conclude *Reeves*'s treatment of *Ramos* answers the second part, which involves concurrent terms. *Reeves* offered our Supreme Court the opportunity to criticize *Ramos* if it were so inclined, particularly *Ramos*'s expression that subdivision (c)'s 15 percent limit on presentence credits applies to the offender, not the offense—an expression cases following *Ramos* have cited repeatedly. (See, e.g., *People v. Marichalar* (2003) 144 Cal.App.4th 1331, 1336 [53 Cal.Rptr.3d 61] [favorably citing and

---

[6] We do not address the prison sentence credits to which defendant presumably will be entitled. Like *Reeves*, in the present case defendant's sentence for his nonviolent offense is greater than the sentence for his violent offense. Prison credits, though, are not before us.

quoting *Ramos*]; *People v. Baker* (2002) 144 Cal.App.4th 1320, 1327–1328 [53 Cal.Rptr.3d 56] [quoting *Ramos* to same effect].) The Supreme Court did not criticize *Ramos*, but instead quoted it with approval. The absence of criticism affirms the soundness of *Ramos*'s distillation that the 15 percent limit to presentence conduct credits applies to the offender, not the offense, and the absence of criticism underscores that the rule apparently applies with equal force to consecutive and concurrent sentences. The trial court therefore did not err here.

## DISPOSITION

Appellant's presentence custody credits for robbery (case No. VA093554) is reduced by two days to 13 days. Appellant's presentence custody credits for unlawful driving (case No. BA303484) is increased by 16 days to 65 days. As modified, the judgment is affirmed.

Cooper, P. J., and Flier, J., concurred.