Filed 4/3/13  P. v. Zahir CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F064242 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F11905068) |
| NASEER HAMIT ZAHIR, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Cornell, Acting P.J., Poochigian, J. and Detjen, J.

On September 2, 2011, a complaint was filed in Fresno County Superior Court, charging defendant Naseer Hamit Zahir with petty theft with prior convictions. (Pen. Code,[1] § 666; count 1.) In addition, defendant was alleged to have suffered a prior conviction under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), for which he served a prison term (§ 667.5, subd. (b)).

On November 1, 2011, defendant entered into a plea agreement pursuant to which he pleaded no contest to count 1 and admitted the prior strike and prison term allegations, on the condition that he receive the lower term of 16 months in prison. On December 13, 2011, the court dismissed the prior strike conviction (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and the prior prison term enhancement, and sentenced defendant to 16 months in prison. The court ordered defendant to pay various fees, fines, and assessments; and awarded 71 days of actual credit, plus 34 days of conduct credit, for a total of 105 days.

Defendant now contends he is entitled to additional custody credits. We affirm.

## FACTS[2]

On the evening of June 17, 2011, officers were dispatched to the Greyhound bus station regarding a subject stealing a gutter cover from the sidewalk. Upon arrival, the officers found defendant pushing a shopping cart that contained an eight-foot by one-foot metal gutter cover valued at $300. While at the scene, defendant admitted taking the gutter cover, but said he found it. The gutter cover and shopping cart were recovered.

## DISCUSSION

Defendant admitted having suffered a prior strike conviction, to wit, residential (first degree) burglary. (§§ 459, 460, subd. (a).) First degree burglary constitutes a serious felony under section 1192.7, subdivision (c)(18).

---

[1] All statutory references are to the Penal Code.

[2] The facts are taken from the probation officer's report.

2.

At the time defendant committed his current offense, section 2933 allowed a prisoner sentenced to state prison under section 1170 to have one day deducted from his or her sentence for every day he or she served in a county jail from the date of arrest until state prison credits became applicable, except that section 4019, and not section 2933, applied to a prisoner with a prior conviction for a violent or serious felony.  (§ 2933, former subd. (e)(1), (3), as amended by Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010.) Under section 4019 as it then read, prisoners were entitled to presentence credits in an amount such that six days were deemed to have been served for every four days spent in actual custody.  (§ 4019, former subds. (b), (c) & (f), as amended by Stats. 2010, ch. 426, § 2, eff. Sept. 28, 2010, & subd. (g).)  Defendant was awarded credits calculated by means of the former section 4019 formula for his entire period of presentence incarceration.[3]

By the time defendant was arrested on October 4, 2011, section 2933 had been amended to delete references to section 4019 and calculation of presentence credits. (Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 16, eff. Sept. 21, 2011, operative Oct. 1, 2011.) Section 4019 was also amended.  Subdivision (f) of the statute now provides:  "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody."  (§ 4019, subd. (f), as amended by Stats. 2011, ch. 15, § 482, eff. Apr. 4, 2011, operative Oct. 1, 2011, & Stats. 2011, ch. 39, § 53, eff. June 30, 2011, operative Oct. 1, 2011.)  Thus, section 4019 now provides (and did the entire period defendant was in presentence

---

[3]    The trial court's dismissal of the prior strike conviction pursuant to section 1385 did not permit that court to disregard the "historical facts" that disqualified defendant from earning day-for-day conduct credits under former section 2933.  (See *People v. Lara* (2012) 54 Cal.4th 896, 900-901, 906-907.)  Moreover, at no time have the parties taken issue with the trial court's determination that the prior strike also disqualified defendant from being sentenced to county jail pursuant to section 1170, subdivision (h).

custody) for day-for-day credits for defendants — even those with prior strike convictions — who serve presentence time in county jail. The only exceptions are defendants with current violent felony or murder convictions (§§ 2933.1, 2933.2; see *People v. Nunez* (2008) 167 Cal.App.4th 761, 765), which defendant does not have (see § 667.5, subd. (c)).

Defendant contends that, since *all* of his presentence custody time was served after the operative date of the October 1, 2011, amendment to section 4019, he is entitled to presentence custody credits calculated pursuant to the current version of that statute, i.e., day-for-day credits. He recognizes the statutory changes from which he seeks to benefit expressly "apply prospectively and … to prisoners who are confined to a county jail … for a crime committed on or after October 1, 2011," while "[a]ny days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) Nevertheless, he argues that the statutory language is ambiguous and, pursuant to *People v. Olague* (2012) 205 Cal.App.4th 1126, 1131-1132, review granted August 8, 2012, S203298, review dismissed and case remanded March 20, 2013, should be interpreted to apply the liberalized credit-earning scheme both to prisoners confined for crimes committed after October 1, 2011, and to prisoners confined after that date for earlier crimes. *Olague* may no longer be cited as precedent (Cal. Rules of Court, rules 8.1105(e)(1), 8.1115(a)); moreover, we rejected its interpretation in *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1552-1553 (*Ellis*).

Defendant says he is nevertheless entitled to the ameliorative effect of the October 1, 2011, amendment, because to deny him that benefit would violate the equal protection clauses of the federal and state Constitutions. We disagree.

In *Ellis*, we held that the October 1, 2011, amendment to section 4019 applies only to eligible prisoners whose crimes were committed on or after that date, and such prospective-only application neither runs afoul of rules of statutory construction nor violates principles of equal protection. (*Ellis*, *supra*, 207 Cal.App.4th at p. 1548.) In

4.

reaching that conclusion, we relied heavily on *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), in which the California Supreme Court held the amendment to section 4019 that became effective January 25, 2010, applied prospectively only. (*Brown*, *supra*, at p. 318; *Ellis*, *supra*, at p. 1550.)

*Brown* first examined rules of statutory construction. It observed that "[w]hether a statute operates prospectively or retroactively is, at least in the first instance, a matter of legislative intent." (*Brown*, *supra*, 54 Cal.4th at p. 319.) Where the Legislature's intent is unclear, section 3 and cases construing its provisions require prospective-only application, unless it is "'very clear from extrinsic sources'" that the Legislature intended retroactive application. (*Brown*, *supra*, at p. 319.) The high court found no cause to apply the January 25, 2010, amendment retroactively as a matter of statutory construction. (*Id.* at pp. 320-322.)

*Brown* also examined *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), which held that when the Legislature amends a statute to reduce punishment for a particular criminal offense, courts will assume, absent evidence to the contrary, the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. (*Brown*, *supra*, 54 Cal.4th at p. 323; *Estrada*, *supra*, at pp. 742-748.) *Brown* concluded *Estrada* did not apply; former section 4019, as amended effective January 25, 2010, did not alter the penalty for any particular crime. (*Brown*, *supra*, at pp. 323-325, 328.) Rather than addressing punishment for past criminal conduct, *Brown* explained, section 4019 "addresses *future conduct* in a custodial setting by providing increased incentives for good behavior." (*Brown*, *supra*, at p. 325.)

In *Ellis*, we determined *Brown*'s reasoning and conclusions apply equally to current section 4019. Accordingly, we held the October 1, 2011, amendment does not apply retroactively as a matter of statutory construction or pursuant to *Estrada*. (*Ellis*, *supra*, 207 Cal.App.4th at pp. 1550, 1551.)

5.

We next turned to the equal protection issue. (*Ellis*, *supra*, 207 Cal.App.4th at p. 1551.) In that regard, *Brown* held prospective-only application of the January 25, 2011, amendment did not violate either the federal or the state Constitution. (*Brown*, *supra*, 54 Cal.4th at p. 328.) *Brown* explained:

> "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, '"[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner."' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.]
>
> "… [T]he important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Brown*, *supra*, 54 Cal.4th at pp. 328-329.)

The state high court rejected the argument that its decision in *People v. Sage* (1980) 26 Cal.3d 498 compelled a contrary conclusion, declining to read that case as authority for more than it expressly held, namely that authorizing presentence conduct credit for misdemeanants who later served their sentences in county jail, but not for felons who ultimately were sentenced to state prison, violated equal protection. (*Brown*, *supra*, 54 Cal.4th at pp. 329-330; see *People v. Sage, supra,* 26 Cal.3d at p. 508.) It further refused to find the case before it controlled by *In re Kapperman* (1974) 11 Cal.3d 542, a case that, because it dealt with a statute granting credit for time served, not good conduct, was distinguishable. (*Brown*, *supra*, at p. 330.)

Once again, we found no reason in *Ellis* why "*Brown*'s conclusions and holding with respect to the January 25, 2010, amendment should not apply with equal force to the October 1, 2011, amendment. [Citation.]" (*Ellis*, *supra*, 207 Cal.App.4th at p. 1552.) Accordingly, we rejected the defendant's equal protection argument.

6.

Defendant points out, however, that unlike the situation before us in *Ellis*, he served *all* of his presentence custody after the October 1, 2011, amendment; thus, he says, he is indeed similarly situated, as far as incentives for good behavior are concerned, to someone who committed his or her crime on or after that amendment took effect. We acknowledge the difference, but decline to find an equal protection violation. In our view, the California Supreme Court has strongly signaled its conclusion that the enhanced credit-earning rate presently available under section 4019 is available *only* to prisoners who committed their crimes on or after October 1, 2011, and that equal protection is not thereby denied. (See *People v. Lara, supra,* 54 Cal.4th at p. 906, fn. 9.) Moreover, to the extent an equal protection analysis may be appropriate to defendant's situation, we agree with the reasoning and conclusions of those cases that, after having undertaken such an analysis, have refused to apply the more liberal credit-earning rate to prisoners who, like defendant, were in presentence custody on and/or after October 1, 2011. (See, e.g., *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52-56; *People v. Verba* (2012) 210 Cal.App.4th 991, 994-997.)

Because defendant committed his offense prior to October 1, 2011, the amendment to section 4019 that became operative on that date does not benefit him, even though he served his presentence custody after that date. Defendant's presentence credits were properly calculated; subdivision (h) of section 4019 is not void.

## DISPOSITION

The judgment is affirmed.