Filed 2/11/14  P. v. Daniel CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063910 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCS251184, SCS255659) |
| JAMES LEROY DANIEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

This appeal concerns two criminal cases, one of which involved James Leroy Daniel's commission of a nonviolent felony (unlawfully taking and driving a vehicle),

and the other of which involved his commission of two violent felonies (robberies). Daniel's appeal in this matter raises an issue concerning the propriety of the trial court's calculation of his presentence local custody credits in the nonviolent felony case.

*Daniel's Guilty Pleas*

Daniel entered guilty pleas in both cases on the same day. Specifically, on December 19, 2012, Daniel pleaded guilty in the Superior Court of San Diego County case No. SCS251184 (SCS251184) to one count of unlawfully taking and driving a vehicle (count 2: Veh. Code, § 10851, subd. (a)). The parties agreed he would receive a two-year prison sentence that would run concurrently with the sentence imposed in the second case, Superior Court of San Diego County case No. SCS255659 (SCS255659).

On that same day, Daniel pleaded guilty in the latter case (SCS255659) to two counts of robbery (counts 1 & 7: Pen. Code,[1] § 211). As to both counts, Daniel admitted he was armed with and personally used a gun during the commission of those offenses within the meaning of section 12022.5, subdivision (a).

*Sentencing*

Daniel was sentenced in both cases on March 7, 2013. In the robbery case (SCS255659) he was sentenced to a total prison term of nine years four months.

In SCS251184, pursuant to the plea agreement, the court imposed the stipulated two-year prison sentence and ordered that this sentence be served concurrently with the sentence imposed in SCS255659. Following the recommendation in the probation report,

---

[1]     Unattributed statutory references will be to the Penal Code.

the court awarded 345 days of presentence credit for actual time served in local custody, plus 51 days of conduct credit pursuant to section 2933.1 (calculated as 15 percent of the 345 days of actual custody credit), for a total of 396 days of credit. The probation report explained─and, by following the recommendation, the court agreed─that, "[g]iven that [the] primary case SCS255659 is subjected to [section] 2933.1 credits," the conduct credits in the subordinate case, SCS251184, "must also be calculated under [section] 2933.1 pursuant to [*People v. Ramos* (1996) 50 Cal.App.4th 810 (*Ramos*)]."

*Daniel's Request for Correction of the Award of Presentence Custody Credits*

Thereafter, appointed appellate counsel filed with the court on Daniel's behalf a request for correction of the award of presentence custody credits. Specifically, Daniel claimed the court erred by limiting under section 2933.1 his conduct credits in SCS251184 to 51 days, which is 15 percent of the 345 days he had served in local custody. Daniel asserted that, "[s]ince this case involved a conviction for unlawful taking and driving of a vehicle in violation of Vehicle Code section 10851, subdivision (a), which is *not a violent felony offense* under [Penal Code] section 667.5, [he] was actually entitled to day for day credits in this case [under Penal Code section 4019] or 345 actual days in custody and 345 days of conduct credits." (Italics added.)

In his letter request, Daniel acknowledged that the other case, SCS255659, resulted in his conviction of two robberies, and in that case it was proper to limit his conduct credits to 15 percent under section 2933.1. However, he reiterated that, in SCS251184, he "was ONLY convicted of one count of taking and driving of a vehicle in violation of Vehicle Code section 10851, subdivision (a) which is not a violent felony

3

offense under section 667.5.  As such, in [SCS251184, he] was entitled to day for day credits under section 4019."

The court denied Daniel's request, citing *People v. Nunez* (2008) 167 Cal.App.4th 761 (*Nunez*).

## FACTUAL BACKGROUND[2]

A. *SCS251184*

On June 24, 2011, Daniel and Jeanelly Bailey arrived at an auto dealership in San Diego, got into one of the cars, and drove it away without permission.

B. *SCS255659*

On March 7, 2012, Daniel entered the Green Zone smoke shop in National City and selected a can of tobacco and a can of butane fuel.  He approached a store employee at the front counter, produced a handgun and demanded that the employee give him money from the register.  The employee handed Daniel $355 in cash, and Daniel fled from the store on foot.

On March 12, 2012, Daniel entered a Cricket store in San Diego and told an employee that he wanted to upgrade his cellular telephone.  The employee showed Daniel two telephones and he agreed to purchase one of them.  While the employee was processing the transaction, Daniel twice left the store and, upon returning the second time, he pulled out what appeared to be a handgun and demanded money and the

---

2    The following facts are primarily derived from the probation report.

4

telephone.  The employee handed Daniel the telephone, which was valued at about $180, along with $200 in cash.  Daniel exited the store and walked away from the scene.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings in the superior court.  Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U. S. 738, counsel refers to the following as a possible, but not arguable, issue:  "Whether the trial court erred in limiting [Daniel's] conduct credits in [SCS251184] since a violation of Vehicle Code section 110851, subdivision (a) was not a violent felony offense under [Penal Code] section 667.5."

We granted Daniel permission to file a brief on his own behalf.  He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issue raised by appellate counsel, has disclosed no reasonably arguable appellate issue.  The record shows Daniel was properly advised of his rights before he entered his guilty pleas; there is a factual basis for his pleas, and in SCS251184 he received the sentence the parties agreed he would receive.

We also conclude the court did not err in calculating the presentence custody credits in SCS251184 by following the recommendation in the probation report that the conduct credits be calculated in that case by using the 15 percent formula set forth in section 2933.1 pursuant to *People v. Ramos*, *supra*, 50 Cal.App.4th 810.  In *Nunez,*

5

*supra,* 167 Cal.App.4th at page 764, the Court of Appeal explained that "[a] defendant ordinarily receives credit against his time in state prison for the days he spends in local custody before a court sentences him to prison. [Citations.] In addition to credit for the days spent in local custody, a defendant may also earn credits for his conduct before sentencing. (§ 2933.1, subd. (c).)[3] A sentencing court calculates a defendant's presentence conduct credits as a percentage of the days the defendant spent in actual confinement. The usual percentage is 50 percent of actual time served. [Citation.] But, if the defendant's offense is statutorily defined as 'violent,' section 2933.1, subdivision (c) limits the presentence conduct credit to 15 percent of actual time served before sentencing. (See § 2933.1, subds. (a),[4] (c); § 667.5, subd. (c) [statutory definition of violent crimes]; *People v. Cooper*[ (2003) 27 Cal.4th 38,] 40.)"

Here, the trial court properly calculated Daniel's presentence custody credits in SCS251184 by using the 15 percent formula set forth in section 2933.1, subdivisions (a) and (c). Our decision is guided by *Nunez, supra,* 167 Cal.App.4th 761, and *Ramos, supra,* 50 Cal.App.4th 810. In *Nunez,* which is virtually on point, the defendant was held

---

3        Section 2933.1, subdivision (c) states: "Notwithstanding Section 4019 or any other provision of law, *the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail*, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, *shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision* (*a*)." (Italics added.)
        Subdivision (a) of section 2933.1 provides: "Notwithstanding any other law, *any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit*, as defined in Section 2933." (Italics added.)

4        See footnote 3, *ante*.

in local custody for two offenses while he awaited trial for unlawful driving. (*Nunez*, at p. 765.) One offense—robbery—was a violent felony (see § 667.5, subd. (c)(9) [defining robbery as violent], and the second offense—unlawful driving—was not. (*Nunez*, at p. 765.) Like Daniel here, the *Nunez* defendant conceded the 15 percent limit for presentence conduct credits applied in the robbery case, but claimed the court erred in limiting his presentence conduct credits in the unlawful driving case to 15 percent of his days of actual custody because that offense was not a violent felony and, thus, the 15 percent limit did not apply. (*Ibid*.) The *Nunez* court rejected that claim, concluding that the trial court "correctly applied the 15 percent limit to both offenses." (*Ibid*.) Quoting *Ramos*, *supra*, at page 817, *Nunez* explained that "'[t]he language of section 2933.1 does not support [defendant's] position [of awarding 50 percent presentence conduct credits for nonviolent offenses]. The statute . . . limits to 15 percent the maximum number of conduct credits available to "any person who is convicted of a felony offense listed in Section 667.5." That is, by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective of whether or not all his or her offenses come within section 667.5.'" (*Nunez*, at p. 765.)

Similarly here, Daniel was held in local presentence custody for committing two violent felonies (robberies) and a nonviolent felony. As discussed, *ante*, section 2933.1 applies to the offender and not to the offense, and limits a violent felon's conduct credits to 15 percent of the number of actual days the defendant spent in local custody before sentencing, irrespective of whether his offenses all qualify as violent felonies under section 667.5. (*Nunez*, *supra*, 167 Cal.App.4th at p. 765; *Ramos*, *supra*, 50 Cal.App.4th

7

at p. 817; § 2933.1, subds. (a), (c).) *Ramos* correctly observed that "[t]he Legislature could have confined the 15 percent rule to the defendant's violent felonies if that had been its intention." (*Ramos, supra,* 50 Cal.App.4th at p. 817.) Thus, as two of the offenses for which Daniel was held in local presentence custody were violent felonies within the meaning of section 2933.1, we conclude the court properly used the 15 percent rule set forth in that section in determining Daniel's presentence conduct credits in SCS251184, irrespective of the fact that the offense involved in that case was a nonviolent felony.

We further conclude Daniel has been adequately represented by counsel on this appeal. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.

8