Filed 7/23/15  P. v. Cargill CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>  v.<br><br>KEVIN RUSSELL CARGILL,<br><br>        Defendant and Appellant. | C076201<br><br>(Super. Ct. No. CM038547,<br>CM039814, CM039895,<br>CM040239) |

Defendant Kevin Russell Cargill entered no contest pleas for first degree burglary (Pen. Code, § 459),[1] first degree burglary with a person present (§§ 459, 667.5, subd. (c)(21)), receiving stolen property (§ 496, subd. (a)), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) in four unconsolidated cases.  He admitted an on-bail enhancement in one of the cases and was sentenced to an aggregate

---

[1]  Undesignated statutory references are to the Penal Code.

1

term of eight years eight months in state prison. On appeal, defendant contends the trial court erred by calculating his actual custody and conduct credit separately, instead of aggregating his actual days in custody in all cases, and multiplying the sum by 15 percent, which would have yielded one additional day of credit. Finding no error, we affirm the judgment.

## BACKGROUND

This appeal involves four separate cases, which are briefly described *post*.[2]

*Case No. CM038547*

On April 25, 2013, defendant was charged by complaint in case No. CM038547 with one count of second degree commercial burglary (§ 459—count 1), and one count of receiving stolen property (§ 496, subd. (a)—count 2).

*Case No. CM039814*

On November 4, 2013, defendant was charged by complaint with one felony count of possession of a controlled substance, Oxycontin (Health & Saf. Code, § 11350, subd. (a)—count 1), one felony count of possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2), one felony count of bringing an illegal substance into a jail facility (Pen. Code, § 4573.5—count 3), and one misdemeanor count of possession of an opium pipe (Health & Saf. Code, § 11364.1, subd. (a)(1)—count 4). The complaint also alleged that defendant was released from custody on bail or on his own recognizance in case No. CM038547 at the time of the offenses charged in counts 1, 2, and 3. (Pen. Code, § 12022.1.)

*Case No. CM039895*

On November 4, 2013, a complaint was filed charging defendant and a codefendant with one felony count of first degree residential burglary (§ 459—count 1),

---

[2] We dispense with a recitation of the facts underlying defendant's crimes as they are not relevant to the issue raised on appeal.

2

two felony counts of receiving stolen property (§ 496, subd. (a)—counts 2 and 6), two felony counts of second degree commercial burglary (§ 459—counts 3 and 4), one misdemeanor count of petty theft (§§ 484, 488, 490.5—count 5), and one felony count of possession of a controlled substance, hydrocodone (Health & Saf. Code, § 11350, subd. (a)—count 7). The complaint also alleged that defendant was released from custody on bail or on his own recognizance in case No. CM038547 at the time of the offenses charged in counts 1-4, 6, and 7.

*Case No. CM040239*

On January 8, 2014, defendant was charged by complaint with one felony count of first degree burglary, with a person present (§§ 459, 667.5, subd. (c)(21)—count 1)[3], and two felony counts of second degree commercial burglary (§ 459—counts 2 and 3). The complaint also alleged that defendant was released from custody on bail or on his own recognizance in case No. CM039895 at the time of the offenses charged in counts 1-3.

*Pleas and Sentencing*

On November 19, 2013, defendant entered the following pleas: a no contest plea to one count of receiving stolen property (§ 496, subd. (a)—count 2) in case No. CM038547; a no contest plea to one count of possession of a controlled substance, Oxycontin (Health & Saf. Code, § 11350, subd. (a)—count 1) in case No. CM039814; and a no contest plea to one count of first degree residential burglary (§ 459—count 1) in case No. CM039895. Defendant also admitted the on-bail enhancement in case No. CM039895.

On February 11, 2014, defendant entered a no contest plea to one count of first degree burglary (§ 459—count 1) and admitted the special allegation that a person was present (§ 667.5, subd. (c)(21)) in case No. CM040239.

---

[3] The probation report indicates that someone lives on school property.

Defendant appeared for sentencing in all four cases on March 12, 2014. The trial court sentenced defendant to an aggregate term of eight years eight months in state prison as follows: the middle term of four years on count 1, first degree burglary (§ 459), in case No. CM039895; a consecutive term of one year four months (one-third the midterm) on count 1, first degree burglary with a person present (§§ 459, 667.5, subd. (c)(21)), in case No. CM040239; a consecutive term of eight months (one-third the midterm) on count 1, possession of a controlled substance, Oxycontin (Health & Saf. Code, § 11350, subd. (a)), in case No. CM039814; and a consecutive term of eight months (one-third the midterm) on count 2, receiving stolen property (§ 496, subd. (a)), in case No. CM038547, plus a consecutive term of two years for the on-bail enhancement.

The trial court awarded defendant 152 days of presentence custody credit (133 days of actual custody credit and 19 days of conduct credit) in case No. CM039895, and three days of presentence custody credit (three days of actual custody credit and zero days of conduct credit) in case No. CM038547, for a total of 155 days of presentence custody credit.

Defendant filed timely notices of appeal in all four cases. On July 15, 2014, defendant's appellate counsel filed an ex parte motion in the trial court to correct the amount of presentence custody credit awarded at sentencing. The motion argued that: "The 133 days of actual [custody] credits in case number CM039895 should have been added to the three days of actual custody credits in case number CM038547. This [would have] resulted in a total of 136 days of actual custody credits. One-hundred and thirty six days multiplied by fifteen-percent [*sic*] equals 20 days. Hence, the defendant should have been awarded 136 days of actual custody credits plus 20 days of conduct credits for a total award of 156 days."

Defendant's ex parte motion was heard on August 27, 2014. At the hearing, the trial court asked the probation officer to respond to defendant's argument. The probation officer explained: "Actually, I disagree with appellate counsel's position on this. [¶]

4

Certainly, noncontiguous periods of time should be aggregated to calculate credits, but it's my understanding that that aggregation only applies within the case that those dates are. [¶] And in this particular matter there's two separate cases that appellate counsel is trying to aggregate together to produce that additional day of custody time that he is looking for. [¶] The problem is, if the Court grants that and gives the defendant that extra day, it needs to be applied to one case or the other, and both cases conduct credits are calculated at 15 percent. If that case is added to either one of those cases, then it becomes a violation [of section] 2933.1, which limits credits to 15 percent. They would bounce those credits up above that number. [¶] Certainly, one additional day conduct credit is rather minimal, but I think the appellate counsel's position isn't correct in this case." The trial court denied the motion.

## DISCUSSION

On appeal, defendant contends the trial court erred by calculating his conduct credit on a case-by-case basis, instead of aggregating his actual days in custody in all cases, and multiplying the sum by 15 percent. We disagree.

"A defendant ordinarily receives credit against his time in state prison for the days he spends in local custody before a court sentences him to prison. [Citations.] In addition to credit for the days spent in local custody, a defendant may also earn credits for his conduct before sentencing. [Citation.] A sentencing court calculates a defendant's presentence conduct credits as a percentage of the days the defendant spent in actual confinement. The usual percentage is 50 percent of actual time served. [Citation.] But, if the defendant's offense is statutorily defined as 'violent,' section 2933.1, subdivision (c) limits the presentence conduct credit to 15 percent of actual time served before sentencing. [Citations.]" (*People v. Nunez* (2008) 167 Cal.App.4th 761, 764 (*Nunez*).) The parties agree that the 15 percent limit for presentence conduct credit applies to defendant's sentence.

5

Relying on *Nunez,* defendant argues that, "[w]hen consecutive sentences are imposed, the credits are calculated against the entire term imposed and not per count." *Nunez* does not help defendant.

In *Nunez,* the defendant was held in local custody for two offenses while he awaited trial for unlawful driving. (*Nunez, supra,* 167 Cal.App.4th at p. 765.) One offense (robbery) was a violent felony (see § 667.5, subd. (c)(9) [defining robbery as violent]), while the second offense (the unlawful driving) was not. (*Nunez,* at p. 765.) The defendant conceded the 15 percent limit for presentence custody credit applied in the robbery case, but claimed the court erred in applying the 15 percent limit to the unlawful driving case because that offense was not a violent felony and, thus, the 15 percent limit did not apply. (*Ibid.*) The *Nunez* court rejected that claim, concluding that the trial court "correctly applied the 15 percent limit to both offenses." (*Ibid.*) The *Nunez* court explained: "It is often said that the 15 percent cap applies to the offender, not the offense; thus, the 15 percent limit applies to each offense of a defendant's entire prison term if *any* of the offenses for which he is sent to prison is violent." (*Ibid.*)

As noted, defendant does not dispute that the 15 percent limit applies here. Instead, defendant contends the trial court erred by calculating his conduct credit on a case-by-case basis, instead of aggregating his actual days in custody in all cases, and multiplying the sum by 15 percent. Nothing in *Nunez* compels the conclusion that defendant's conduct credit should have been calculated in the manner he suggests. Furthermore, as the probation officer observed, defendant's proposed methodology would cause him to exceed the 15 percent limit in one of the two cases in which he accrued conduct credit (case No. CM039895 or case No. CM038547). We therefore reject defendant's claim of error.

6

## DISPOSITION

The judgment is affirmed.

                           RENNER                    , J.

We concur:

 HULL                    , Acting P. J.

 MAURO               , J.