Filed 11/17/23  P. v. Dominguez CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096163 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F09901) |
| v. | |
| ROMULO DOMINGUEZ, | |
| Defendant and Appellant. | |

A jury found defendant Romulo Dominguez guilty of lewd and lascivious acts on his granddaughter when she was under 14 years old.  At his trial, three other relatives testified to defendant's past sexual abuse of them when they were younger.  The trial court sentenced defendant to eight years in prison and imposed a 15 percent limit on presentence credits.  On appeal, defendant challenges the admission of the testimony regarding the other sexual offenses, the trial court's sentencing decision, and the 15 percent limit on credits.  We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Y.D., defendant's granddaughter and the victim of the charged crimes, testified at defendant's jury trial that defendant sexually touched her on two separate occasions. The first time was in the summer of 1994 at defendant's son's house when Y.D. was about seven years old. Y.D. was swinging on a rope in the house's basement alone with defendant, who started tickling her and then grabbed or massaged Y.D.'s vaginal area over her clothes. Defendant told her to not tell anyone and threatened she would never see her mother if she did. The second incident happened in late 1994 or early 1995, when Y.D. was seven or eight years old, in the living room of the same house. Y.D. remembered defendant put her on his lap while he had an erect penis, but could not remember any particulars about how he touched her, just that it made her uncomfortable. However, in 1995 shortly after both events, she told police and other family members that defendant had "touched her down there."

Before trial, the trial court found testimony from three other female relatives about defendant's sexual abuse of them admissible as propensity evidence under Evidence Code section 1108.[1] At trial, these three relatives testified that defendant sexually abused them when they were between five and 12 years old, with all of the incidents occurring in Mexico.

The jury found defendant guilty of two counts of committing a lewd and lascivious act on a child under 14 years old, the first count's lewd act occurring between January 1995 and May 1995 (1995 conviction) and the second count's lewd act occurring during the summer of 1994 (1994 conviction).

At sentencing, defense counsel argued for leniency because of defendant's advanced age and significant health issues. The trial court stated it agreed with defense

---

[1]    Undesignated section references are to the Evidence Code.

counsel that defendant "is an advanced age, he's 87 now, and [has a] diminishing health condition," but the allegations were proven beyond a reasonable doubt, and the court found the other victims' testimony provided "strong evidence of the defendant's character and propensity to commit the charged crimes against [the victim]. [¶] I saw and I heard their testimony. It was very credible." The court then imposed the midterm of six years for the 1995 conviction and one-third the midterm of two years for the 1994 conviction, for an aggregate term of eight years. The court awarded a total of 1,047 days of credit based on 911 actual days and found "[h]e's entitled to another 15-percent of good-time/work-time credit, because this violent felony he's being sentenced to state prison on which is an additional 136 days of credit."

Defendant appeals.

DISCUSSION

I

*The Trial Court Did Not Err By Admitting The*

*Sexual Offense Propensity Evidence That Occurred In Mexico*

Defendant first challenges the trial court's admission of the other victims' testimony as propensity evidence under section 1108. When a defendant is accused of a sexual offense, section 1108 permits evidence of other sexual offenses to show propensity to commit such crimes. (§ 1108, subd. (a); *People v. Falsetta* (1999) 21 Cal.4th 903, 911 ["the Legislature enacted section 1108 to expand the admissibility of disposition or propensity evidence in sex offense cases"].) The term "sexual offense" is defined as "a crime under the law of a state or of the United States that involved" certain enumerated forms of sexual conduct. (§ 1108, subd. (d)(1).)

Defendant challenges the admission of the other victims' testimony by arguing "foreign acts that occurred outside of California, outside a state, and outside the United States were definitionally not a crime, and not sexual offenses." He therefore reasons the

3

testimony regarding acts occurring in Mexico was inadmissible under section 1108. We disagree.

The appellate court in *People v. Miramontes* (2010) 189 Cal.App.4th 1085 rejected this exact argument. There, the trial court also admitted testimony regarding sexual abuse in Mexico under section 1108 and the defendant argued on appeal these "Mexican offenses fail to qualify as the kind of sex offenses enumerated in the statute." (*Id.* at pp. 1098-1099.) When holding that the evidence was admissible, the appellate court reasoned the defendant's argument "ma[de] no sense" because the definition of sexual offense "clearly describes conduct that is prohibited by California law, even though it did not take place in California. . . . The principal consideration in this inquiry is whether the comparable prior, essentially similar, conduct occurred, not where it occurred." (*Id.* at p. 1099.) The court analogized this inquiry with the "rules allowing use of a prior out-of-state conviction for enhancement of punishment." (*Id.* at pp. 1099-1100.) It also reasoned section 1108's legislative intent supported this conclusion, which was to " 'relax the evidentiary restraints' " against propensity evidence " 'to assure that the trier of fact would be made aware of the defendant's other sex offenses in evaluating the victim's and the defendant's credibility.' " (*Id.* at p. 1101.) Thus, "there is no reason as a matter of law, logic or statutory construction to withhold reliable evidence of such foreign prior uncharged misconduct from a jury." (*Ibid.*)

Defendant contends that *Miramontes* was wrongly decided because the plain language of the statute prohibits the admission of prior acts committed in Mexico and that California lacks jurisdiction to declare conduct occurring outside its borders a crime. These arguments are unavailing and we thus adopt *Miramontes* and apply its reasoning here to conclude the trial court did not err in finding evidence of defendant's prior sexual misconduct admissible even though it occurred in Mexico.

Defendant also asserts, without further explanation or argument, "The Sixth and Fourteenth Amendments were further prejudicially violated." (Underscoring omitted.)

4

To the extent he is making a due process challenge, our Supreme Court has found "section 1108 survives [a] due process challenge." (*People v. Falsetta*, *supra*, 21 Cal.4th at p. 922.) We must adhere to this precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## II

### *The Trial Court Did Not Abuse Its Discretion When It Imposed*
### *The Midterm For The 1995 Conviction*

Defendant next makes two challenges to the trial court's reasons for imposing the midterm sentence for the 1995 conviction. He first contends the trial court's reliance on the other victims' testimony was "erroneous for all the reasons fully elucidated," meaning because the acts occurred in Mexico. We have already rejected this argument. Thus, for the reasons discussed *ante*, we similarly reject defendant's reassertion of it here to support sentencing error.

Defendant also contends the trial court "erred in failing to consider the 87-year old [defendant]'s severely impaired and diminishing health as a mitigating circumstance." (Underscoring omitted.) We need not delve into the standards and analysis applied to review of a sentencing decision because the record simply does not support this argument. The trial court explicitly acknowledged defendant "is an advanced age, he's 87 now, and [has a] diminishing health condition" before providing countervailing reasons to justify the sentence imposed. Defendant does not explain how this statement does not show the trial court considered these circumstances as mitigating factors, even though the People argued this point in their brief. Accordingly, we find no support for defendant's argument, and therefore conclude there was no error in the trial court's stated reasons for the sentence it imposed.

III

*Defendant Is Not Entitled To Additional Credits*

Defendant finally contends the trial court erroneously imposed a 15 percent limit on his presentence credits under Penal Code section 2933.1 because the conduct for the 1994 conviction occurred before enactment of this provision, violating California and federal constitutional ex post facto clauses. We disagree.

Penal Code section 2933.1, subdivision (c) states, "[T]he maximum credit that may be earned against a period of confinement . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." Subdivision (a) describes "any person who is convicted of a felony offense listed in subdivision (c) of [s]ection 667.5." (Pen. Code, § 2933.1, subd. (a).) And under subdivision (d) of Penal Code section 2933.1, "[t]his section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative." This section became operative on September 21, 1994. (Stats. 1994, ch. 713; *People v. Camba* (1996) 50 Cal.App.4th 857, 867.)

Defendant's conduct underlying his convictions occurred in early 1995 for the 1995 conviction and the summer of 1994 for the 1994 conviction. There is no dispute the 1995 conviction occurred after the effective date of Penal Code section 2933.1, but the parties disagree as to the effect the 1994 conviction has on the calculation of defendant's credits.

We are unaware of any published case addressing this exact situation, but there are several cases analyzing a similar circumstance where a defendant is convicted of both a qualifying felony and a nonqualifying felony. The leading case on this issue is *People v. Ramos* (1996) 50 Cal.App.4th 810, which held Penal Code section 2933.1, subdivision (c)'s use of the language " 'any person' " means it "applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective of whether or

6

not all his or her offenses come within [Penal Code] section 667.5." (*Ramos*, at p. 817.) Our Supreme Court later cited this rule with approval, further explaining Penal Code section 2933.1, subdivision (c)'s application to an " 'actual period of confinement' " means "[a] period of presentence confinement is indivisibly attributable to all of the offenses with which the prisoner is charged and of which he is eventually convicted." (*In re Reeves* (2005) 35 Cal.4th 765, 775, italics omitted; see also *People v. Nunez* (2008) 167 Cal.App.4th 761, 768 ["The absence of criticism affirms the soundness of *Ramos*'s distillation that the 15 percent limit to presentence conduct credits applies to the offender, not the offense"].)

This reasoning applies here. Defendant's convictions are for a felony listed in Penal Code section 667.5, subdivision (c). (See Pen. Code, § 667.5, subd. (c)(6).) And the conduct underlying the 1995 conviction occurred after September 21, 1994, so it is not barred by Penal Code section 2933.1, subdivision (d). Thus, defendant is a person described in Penal Code section 2933.1, subdivision (a) by virtue of the 1995 conviction. As a person qualifying under subdivision (a), the 15 percent limitation under subdivision (c) applies to his entire presentence confinement.

This conclusion does not violate ex post facto prohibitions. "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." (*Weaver v. Graham* (1981) 450 U.S. 24, 29, fn. omitted.) " 'In general, application of a law is retroactive only if it attaches new legal consequences to, or increases a party's liability for, an event, transaction, or conduct that was *completed* before the law's effective date. [Citations.] Thus, the critical question for determining retroactivity usually is whether the last act or event necessary to trigger application of the statute occurred before or after the statute's effective date.' " (*In re E.J.* (2010) 47 Cal.4th 1258, 1273.)

7

Defendant was serving presentence time, in part, for conduct occurring prior to September 21, 1994. But that conduct did not qualify defendant for the 15 percent limitation. Instead, defendant qualified for the limitation because of the act underlying the 1995 conviction, which occurred after Penal Code section 2933.1's operative date. Put another way, had defendant not committed the additional lewd act in 1995, the 15 percent limitation would have not been applicable to him. The trial court therefore properly applied the credit disadvantage at issue because of posteffective date conduct and was not impermissibly retroactive.

### DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
KRAUSE, J.

/s/_____
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8