Filed 10/23/20  P. v. Hong CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>YONG BAE HONG,<br><br>     Defendant and Appellant. | G057878<br><br>(Super. Ct. No. 00NF2372)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Fred W. Slaughter, Judge.  Reversed and remanded.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Defendant and Appellant.

Todd Spitzer, District Attorney, and Seton B. Hunt, Deputy District Attorney, for Plaintiff and Respondent.

\*          \*          \*

In 2019, defendant Yong Hong petitioned the superior court to vacate his murder conviction and to resentence him pursuant to Penal Code section 1170.95.[1] Section 1170.95 was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which also amended sections 188 and 189 to limit accomplice liability for murder under the natural and probable consequences doctrine and the felony-murder rule. (Stats. 2018, ch. 1015.) Under section 1170.95, qualifying defendants can petition the superior court to have their murder convictions vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4.) Here, the court did not determine whether defendant qualified for such relief; instead, the court denied the petition on the ground that Senate Bill 1437 unconstitutionally amends statutes approved by voters with Proposition 7 in 1978 and Proposition 115 in 1990.

Appealing from the order denying his petition, defendant argues Senate Bill 1437 is constitutional as it does not amend either Proposition 7 or Proposition 115. The California Attorney General filed an amicus curiae brief on behalf of defendant, defending the constitutionality of Senate Bill 1437. The Orange County District Attorney, representing the People in this appeal, maintains Senate Bill 1437 unconstitutionally amends both propositions and the court's order should be affirmed.

Since the trial court's ruling, Senate Bill 1437 has been upheld as constitutional by panels of this court (*People v. Cruz* (2020) 46 Cal.App.5th 740 (*Cruz*); *People v. Solis* (2020) 46 Cal.App.5th 762 (*Solis*); *People v. Prado* (2020) 49 Cal.App.5th 480) and by our colleagues in Division One of this district (*People v. Superior Court* (*Gooden*) 42 Cal.App.5th 270 (*Gooden*); *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*)) and Division Two (*People v. Lippert* (2020) 53 Cal.App.5th 304; *People v. Johns* (2020) 50 Cal.App.5th 46). Several other appellate districts have concurred. (*People v. Lombardo* (2020) 54 Cal.App.5th 553, 560-561

---

[1] All further statutory references are to the Penal Code.

[3d App. Dist.]; *People v. Murillo* (2020) 54 Cal.App.5th 160, 166, fn. 3 [2d App. Dist., Div. 1]; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [5th App. Dist.]; *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 902, 917 [3d App. Dist.]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 601-602 [2d App. Dist., Div. 2]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211-222 [6th App. Dist.]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, rev. granted July 22, 2020, S262835 [2d App. Dist., Div. 5];[2] *People v. Bucio* (2020) 48 Cal.App.5th 300, 306-312 [2d App. Dist., Div. 6].)  We agree with these well-reasoned decisions and conclude Senate Bill 1437 is constitutional.  We reverse the court's order denying defendant's petition and remand the matter for the court to consider the petition on its merits.

We also direct the trial court to correct a clerical error in defendant's amended abstract of judgment.

FACTUAL AND PROCEDURAL HISTORY

Defendant, a leader of the Triad Boyz, drove a car while his passenger shot at three cars carrying several rival gang members, one of whom died.  Following a jury trial, defendant was convicted of first degree murder (§ 187, subd. (a)), six counts of attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a)), seven counts of shooting at an occupied motor vehicle (§ 246), and other offenses.  The jury also found true allegations that defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that during most of the offenses, a principal discharged a firearm (§ 12022.53, subds. (c), (d), (e)(1)).  Defendant received a prison sentence of 50 years to life.  He appealed, and in an unpublished decision, we reversed one of his

_____

[2]        Review was granted in *Smith, supra*, 49 Cal.App.5th 85, S262835, on the issues of (1) whether a superior court can consider the record of conviction in determining whether a defendant made a prima facie showing of eligibility for relief under section 1170.95 and (2) when the right to appointed counsel arises under section 1170.95, subdivision (c).

3

convictions for shooting at an occupied vehicle but otherwise affirmed the judgment. (*People v. Hong* (Sept. 24, 2007, G037973).)[3]

Defendant later filed a petition for writ of habeas corpus. The court granted him writ relief by modifying the judgment to reflect a conviction for second degree murder, rather than first degree murder, and a total prison sentence of 40 years to life.

In 2019, defendant petitioned to vacate his murder conviction and for resentencing under section 1170.95. The district attorney opposed the petition on two grounds: (1) Senate Bill 1437 is unconstitutional; and (2) even if constitutional, defendant is statutorily ineligible because he "aided and abetted the murder and acted with express or implied malice." After defendant filed a reply, the court held a hearing on the constitutionality of Senate Bill 1437. The court denied the petition in a detailed ruling, concluding Senate Bill 1437 violates the state constitution "because it materially amends" section 190, as enacted by the voters in Proposition 7, and sections 189 and 190.2, as amended by the voters in Proposition 115. Defendant appeals from the court's order.

DISCUSSION

*Senate Bill 1437 Does Not Amend Proposition 7 or 115*

Senate Bill 1437 eliminated liability for murder under the natural and probable consequences doctrine by amending section 188 to prohibit malice from being imputed to a defendant based only on his or her participation in a crime. (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) It also limited application of the felony-murder rule by amending section 189 to provide that a defendant can only be convicted of first degree felony-murder if the defendant 1) was the actual killer; or 2) was

---

[3]     At defendant's request, we took judicial notice of our prior opinion.

not the killer but with the intent to kill, aided, abetted, induced or otherwise assisted the actual killer in the commission of first degree murder; or 3) "was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)[4]  In section 1170.95, the Legislature created a process for the retroactive application of these statutory changes.  Pursuant to section 1170.95, a defendant previously convicted of murder under either the natural and probable consequences doctrine or the felony-murder rule, who could not be convicted of murder now under the amended statutes, can petition the court for vacatur of the murder conviction and resentencing.  (Stats. 2018, ch. 1015, § 4.)

Here, the court denied defendant's section 1170.95 petition on the ground that Senate Bill 1437 violates article II, section 10, subdivision (c) of the California Constitution by amending Propositions 7 and 115.  This constitutional provision prohibits the Legislature from amending a statute enacted through a voter initiative unless the amendment is approved by the voters or "the initiative measure itself permits amendment or repeal without voter approval." (*People v. Cooper* (2002) 27 Cal.4th 38, 44.)  However, our Supreme Court has explained, "[T]he Legislature remains free to enact laws addressing the general subject matter of an initiative, or a 'related but distinct area' of law that an initiative measure 'does not specifically authorize *or* prohibit.'" (*People v. Kelly* (2010) 47 Cal.4th 1008, 1026, fn. 19; accord, *People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

We previously considered whether Senate Bill 1437 constitutes an unconstitutional amendment of Propositions 7 and 115 in *Cruz, supra*, 46 Cal.App.5th 740 and *Solis, supra*, 46 Cal.App.5th 762.  In these decisions, we concluded

---

[4]     These limitations on the felony-murder rule do not apply when the victim is a peace officer killed in the course of the officer's duties and the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of his/her duties.  (§ 189, subd. (f).)

5

Senate Bill 1437 amends neither initiative and is constitutional.[5] The arguments raised by the district attorney here are the same ones we rejected in *Cruz* and *Solis*. We see no reason to depart from our analysis and conclusions in our prior cases.

In *Cruz*, we rejected the district attorney's assertion that Senate Bill 1437's amendments to sections 188 and 189 altered the punishment for murder in section 190 as approved by the voters in Proposition 7. (*Cruz, supra*, 46 Cal.App.5th at p. 754.) We explained, "After the enactment of Senate Bill 1437, a first degree murder conviction still results in a penalty of life imprisonment with the possibility of parole after 25 years and a second degree murder conviction results in a penalty of life imprisonment with the possibility of parole after 15 years, as required by Proposition 7. Senate Bill 1437 does not authorize reduced sentences for such convictions. Thus, Senate Bill 1437's amendments do not take away from Proposition 7's provisions." (*Ibid.*)

The district attorney contends the Legislature cannot alter the elements of murder without voter approval because the punishment for murder approved by voters in Proposition 7 necessarily incorporated the definition of murder at that time. We rejected this contention in *Cruz* and explained the Legislature was free to amend sections 188 and 189 because the elements of murder are related to but distinct from the punishment for murder set by Proposition 7. (*Cruz, supra*, 46 Cal.App.5th at pp. 755-757.) We similarly rejected the district attorney's contention in *Solis, supra*, 46 Cal.App.5th at page 779. In *Solis*, we reviewed the ballot materials for Proposition 7 and concluded Senate Bill 1437 does not circumvent the voter's intent. (*Solis*, at pp. 776-779.)

In *Cruz* and *Solis*, we also rejected the district attorney's assertion that Senate Bill 1437 unconstitutionally amends Proposition 115. (*Cruz, supra*, 46 Cal.App.5th at pp. 759-761; *Solis, supra,* 46 Cal.App.5th at pp. 780-783.) Proposition 115 amended section 189 by adding five serious felonies to the list of predicate offenses

---

[5]     We reached the same conclusion in *People v. Prado, supra*, 49 Cal.App.5th 480, albeit through a different analysis.

6

for first degree felony-murder. (*Cruz*, at p. 759.) We found unpersuasive the district attorney's contention that Senate Bill 1437 "substantially changes" section 189 "by requiring additional elements be proved for accomplices." In *Cruz*, we concluded: "While the Legislature cannot remove Proposition 115's five felonies from the list for first degree felony-murder liability, it can limit liability for accomplices under the felony-murder rule." (*Cruz*, at p. 760.)

We also rejected the district attorney's argument that the Legislature was prohibited from addressing accomplice liability for felony murder in Senate Bill 1437 because accomplice liability in death penalty cases was addressed in Proposition 115. (*Cruz, supra*, 46 Cal.App.5th at p. 760.) We explained Senate Bill 1437's limitations on accomplice liability "in section 189 is an area of law related to but distinct from accomplice liability in special circumstance murder in section 190.2" and "Senate Bill 1437 did not improperly amend Proposition 115 by adding such restrictions to felony murder in section 189." (*Cruz*, at p. 760.)

In *Solis*, we rejected the district attorney's assertion that the Legislature was prohibited from amending any portion of section 189 by a simple majority "because Proposition 115 reenacted section 189 in full." (*Solis, supra*, 46 Cal.App.5th at p. 782.) Based on relevant case law, we concluded "reenactment of section 189 in full by Proposition 115 did not affect the Legislature's ability to revise any portion of section 189 not directly addressed by the initiative." (*Id.* at p. 783.)

In *Cruz* and *Solis*, we found ourselves in agreement with our Division One colleagues in *Gooden, supra*, 42 Cal.App.5th 270 and *Lamoureux, supra*, 42 Cal.App.5th 241, who concluded that Senate Bill 1437 does not amend either "Proposition 7 or Proposition 115 because it neither added to, nor took away from, the initiatives." (*Gooden,* at p. 275; accord, *Lamoureux, supra*, at p. 251.) In *Gooden*, the court explained, "Senate Bill 1437 presents a classic example of legislation that addresses a subject related to, but distinct from, an area addressed by an initiative." (*Gooden, supra*,

42 Cal.App.5th at p. 282; accord, *Cruz, supra*, 46 Cal.App.5th at p. 756.) "[T]he voters who approved Proposition 7 and Proposition 115 got, and still have, precisely what they enacted—stronger sentences for persons convicted of murder and first degree felony-murder liability for deaths occurring during the commission or attempted commission of specified felony offenses. By enacting Senate Bill 1437, the Legislature has neither undermined these initiatives nor impinged upon the will of the voters who passed them." (*Gooden*, at p. 289.)

In conclusion, Senate Bill 1437 amends neither Proposition 7 nor Proposition 115 within the meaning of article II, section 10, subdivision (c), of the California Constitution. We reverse the court's order denying defendant's section 1170.95 petition and remand for further proceedings on the merits of defendant's petition.[6]

*A Clerical Error in the Amended Abstract of Judgment Must be Corrected*

An amended abstract of judgment was prepared in 2015, after the court granted defendant writ relief and reduced his first degree murder conviction to second degree murder. The amended abstract of judgment, however, lists the crime as first degree murder. Defendant requests the amended abstract of judgment be corrected to reflect a conviction for second degree murder.

We grant this unopposed request and direct the trial court to correct defendant's amended abstract of judgment accordingly. (See *People v. Phung* (2018) 25 Cal.App.5th 741, 761 [ordering correction of defendant's abstract of judgment to accurately reflect his conviction].)

---

[6] We grant the district attorney's unopposed request for judicial notice of legislative materials concerning Senate Bill 1437, ballot pamphlet materials for Propositions 7 and 115, and former versions of sections 187 through 189.

DISPOSITION

The postjudgment order denying defendant's petition for resentencing under section 1170.95 is reversed and the matter is remanded for further proceedings on the merits of defendant's petition.

The court is also directed to correct defendant's amended abstract of judgment to reflect his second degree murder conviction and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

IKOLA, J.

I CONCUR:


ARONSON, ACTING P. J.

Fybel, J., Concurring:

I concur for the reasons stated in *People v. Solis* (2020) 46 Cal.App.5th 762 and *People v. Cruz* (2020) 46 Cal.App.5th 740.


FYBEL, J.

1